HOUSTON & T. C. R. CO. v. EAVES et al.
(No. 7100.)

(Court of Civil Appeals of Texas. Dallas.
April 11, 1914. Rehearing Denied
May 2, 1914.)

RAILROADS (§ 259*) — INJURIES TO PROPER-
TY—PERSONS LIABLE—LICENSEE.

One who leased a portion of a right of way of a railroad company and assumed all loss and damage caused by the negligence of the company is not thereby required to pay to the company the amount of damages recovered from it by one who owned a house situated on the right of way, but who was not holding under the lessee or in privity with him, and of which house the company had never put the lessee in possession, for the negligent burning of the house.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 802–816; Dec. Dig. § 259.*]

Appeal from Limestone County Court; A. M. Brackmon, Judge.

Action by J. C. Eaves against the Houston & Texas Central Railroad Company, in which one, Allen was made a defendant by said railroad company. From a judgment in favor of the plaintiff and of the defendant Allen against the said company, the company appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and C. S. Bradley, of Groesbeck, for appellant. Bradley & Herring and W. T. Jackson, all of Groesbeck, for appellees.

RAINEY, C. J. Appellee J. C. Eaves sued the appellant to recover damages sustained from the loss of a certain cotton seed house, and other property situated on the right of way of appellant, caused from a fire negligently set out on the right of way by appellant's servants.

Defendant answered by general denial, and specially that plaintiff was holding the premises under lease from one Allen, which was then in force, of which plaintiff was assignee, and by the terms of said lease it was agreed that Allen was to assume all loss and damages caused by the negligence of said railroad company to said property, and the said Allen was vouched in by appellant, and judgment was asked over against Allen in the event it had to pay for the destruction of said property.

Allen pleaded a general denial and interposed other defenses.

A trial was had without a jury, and judgment rendered against the railroad company in favor of plaintiff, and also in favor of Allen.

There is no error presented that requires a reversal of this cause. The evidence shows: That appellant's servants were negligent in setting fire to the grass on the right of way when a strong wind was blowing, and in not watching and preventing the fire from burning plaintiff's house.

(2) That Eaves was in no way liable for the destruction of the house. He was not holding under Allen nor in privity with the contract between appellant and appellee Allen.

(3) Allen is not liable to appellant on the contract between them. The contract by its terms leased the right of way to Allen, and Allen assumed all risk of appellant's negligence for loss by fire to the property on the right of way leased by Allen. The house of Eaves that was burned was situated on one end of the right of way, and was then and there owned by another when Allen entered into the contract of lease, and he was never in possession of said house. The appellant had never put him in possession of said house, and therefore he was not responsible, under the contract to said appellant, for the burning of the house.

The judgment is affirmed.

ALDERETE v. MOORE et al. (No. 328.)

(Court of Civil Appeals of Texas. El Paso.
April 16, 1914.)

APPEAL AND ERROR (§ 773*)—BRIEFS—FAIL-
URE TO FILE—EFFECT.

The judgment will be affirmed if appellant files no brief; there being no fundamental error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

Appeal from El Paso County Court; J. M. Deaver, Special Judge.

Action by Victor C. Moore and another against Isaac Alderete. From a judgment for plaintiffs, defendant appeals. Affirmed.

C. L. Vowell, of El Paso, for appellant. J. M. Harris and T. A. Falvey, both of El Paso, for appellees.

HIGGINS, J. This was a suit to recover a balance alleged to be due by Alderete to the law firm of Moore & Moore, for professional services rendered, resulting in a verdict and judgment in favor of appellees.

There is no brief on file in appellant's behalf, and, since there is no fundamental error, the judgment will be affirmed. Because of such failure to file brief, the various assignments of error are not entitled to consideration and are not considered, but, in passing, it may be said that we have examined the entire record, and apparently none of the assignments are well taken, and, had they been presented by proper brief, the same would have been overruled.

Affirmed.